No. 25-2247

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

(Appellee)

V.

MD NURUL HASAN,

(Appellant)

On Appeal from the U.S. District Court for the

Eastern District of Pennsylvania

No. 2:25-CR-00057-001 (Hon. Harvey Bartle III)

## BRIEF OF APPELLANT

MARK PHILLIP MUCH

Law Offices of Mark P. Much, P.C.

341 West Baltimore Avenue

Media, PA 19063

610-565-9750

markpmuch@verizon.net

Counsel for Appellant

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION..................................................................1

STATEMENT OF ISSUES...........................................................................1

STATEMENT OF RELATED CASES OR PROCEEDINGS.........................2

STATEMENT OF THE CASE........................................................................2

    1. *Relevant Facts*..................................................................................2

    2. *Procedural History and Ruling*........................................................5

SUMMARY OF ARGUMENT......................................................................6

ARGUMENT...............................................................................................7

  I.    Did the Trial Court abuse its discretion by imposing a sentence above the sentencing guideline range?....................................................................7

    1. *Standard of Review*...........................................................................7

    2. *Applicable Law*.................................................................................9

    3. *Analysis*..........................................................................................12

  II.    Did the defendant enter into a knowing, voluntary, and intelligent guilty plea considering the language barrier between the court

**(Table of Contents Continued)**

interpreter and the defendant?.................................................................16

    1.  *Standard of Review and Analysis*.....................................16

CONCLUSION.......................................................................................17

CERTIFICATE OF BAR MEMBERSHIP...............................................18

CERTIFICATE OF COMPLIANCE.........................................................19

CERTIFICATE OF SERVICE..................................................................20

APPENDIX VOLUME I..........................................................................21

# TABLE OF CITATIONS

**CASES:**

*Gall v. United States.*, 552 U.S. 38 (2007)......................................7, 9, 11

*Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).......16

*McCarthy v. United States*, 394 U.S. 459 (1969).............................16

*Pepper v. U.S.*,131 S. Ct. 1229 (2011)...................................12, 14

*Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)...10

*United States v. Baker*, 445 F.3d 987 (7th Cir. 2006)......................12, 14

*United States v. Brito*, 979 F.3d 185 (3d Cir. 2020)............................8

*United States v. Grant*, 323 Fed.Appx. 189 (3d Cir. 2009)..................9, 10

*United States v. Howe*, 543 F.3d 128 (3d Cir. 2008)............................11

*United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)...................8

*United States v. Kononchuk*, 485 F.3d 199 (3d Cir. 2007).....................10

*United States v. Levinson*, 543 F.3d 190, 201 (3d Cir.2008).....................10

*US v. Tomko*, 562 F.3d 558 (3d Cir. 2009)......................................10

**(Table of Citations Continued)**

**STATUTES:**

U.S.S.G. § 1B1.1.................................................................7, 8, 9

18 U.S.C. 2......................................................................................5

18 U.S.C. 371..................................................................................5

18 U.S.C. 3231...............................................................................1

18 U.S.C. § 3553(a).....................................6, 8, 9, 10, 11, 13

18 Pa.C.S. 5101.............................................................................2

25 Pa.C.S. 3533.............................................................................2

25 Pa.C.S. 3553.............................................................................2

28 U.S.C. 1291...............................................................................1

52 U.S.C. 10307(c)........................................................................5

52 U.S.C. 20511 (2)(A)................................................................5

## STATEMENT OF JURISDICTION

This appeal is from a district Court's final judgment in a criminal case. The district court had jurisdiction under 18 U.S.C. 3231. The Court entered judgment against the defendant on June 18, 2025. Defendant MD Nurul Hasan filed a timely notice of appeal on July 7, 2025. This Court has jurisdiction under 28 U.S.C. 1291.

## STATEMENT OF ISSUES

1. Did the Trial Court abuse its discretion by imposing a sentence above the sentencing guideline range? (App. Vol I at 3).

2. Did the defendant enter into a knowing, voluntary, and intelligent guilty plea considering the language barrier between the court interpreter and the defendant? (App. Vol II at 17-62)

1

## STATEMENT OF RELATED CASES OR PROCEEDINGS

This case has not previously been before this Honorable Court. In addition to the defendant's conviction in the Eastern District of Pennsylvania, the defendant was also charged and found guilty for the same conduct in The Court of Common Pleas of Delaware County for Violations Relating to Absentee/Mail-in Ballots in violation of 25 Pa.C.S. 3553, Obstructing Administration of Law or Other Government Function in violation of 18 Pa.C.S. 5101, and Unlawful Voting in violation of 25 Pa.C.S. 3533.

There are no other related previous or pending appeals before this Honorable Court.

## STATEMENT OF THE CASE

## I. RELEVANT FACTS:

The defendant was born in Chittagong, Bangladesh on March 15, 1977. He is the oldest of six children. He received a bachelor's degree in social sciences from the National University in Bangladesh in 1997 and received a Master of Business Administration Degree from International Islamic University Chittagong in 2000.

In 2004, the defendant moved to the United States and ultimately would reside in Millbourne, Pa. In 2006, he married his wife Sarmin Kiblia in Bangladesh. He

2

continued to live in the United States, and his wife lived in Bangladesh, moving to the United States in 2011. Together with his wife, they have four children ranging from 1 to 13 years old.

The defendant worked in the IT Department at PeopleNTech in Upper Darby from 2015 until 2024. In 2024, the defendant began working in the IT Department for Colonial Marble and Granite in King of Prussia, Pa.

In 2021, Millbourne, Pa. held elections for Mayor and other offices. At that time, the defendant was a resident of Millbourne, and a member of Millbourne Borough Council. The defendant entered the primary election for Mayor and lost by a total of 18 votes. The defendant ran again during the election for Mayor as a write-in candidate.

In Pennsylvania, The Office of Pennsylvania's Secretary of State ("SOS") oversees the elections and operates a statewide database for all registered voters. SOS also operates an online voter registration website, which is a public access website known as "PAOVR". On PAOVR, any person can go online and submit a voter registration application or edit an existing voter's registration information so long as the person editing the registration has the required personal information of that voter.

3

The defendant, along with co-conspirators MD Munsur Ali, and MD Refikul Islam, contacted individuals who they knew did not live in Millbourne, and advised them that the defendant was running for mayor. The individuals were asked to provide personal information so that they could register them to vote in Millbourne, allowing them to participate in the election. During these conversations, these friends who were asked to change their addresses were told that they would not get into trouble if they did not participate in any other election in November 2021. The defendant and his co-conspirators also registered several individuals using their personal information without the individual's knowledge.

The defendant specifically accessed the PAOVR website and changed the voter registration of individuals and requested that mail in ballots and absentee ballots be sent to certain addresses, where the defendant had access to pick them up and fill them out to cast votes for himself in the November 2021 election. The voter's signatures were forged or signed by the individuals and submitted to the Delaware County Board of Elections. In total, nearly three dozen non-Millbourne residents were fraudulently registered in Millbourne. Ultimately, the defendant lost the election by 27 votes.

4

## II.   PROCEDURAL HISTORY AND RULING

On February 18, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned a 33-count indictment, charging MD Nurul Hasan for the fraudulent acts stemming from October 2021.

The defendant was indicted on 1 count of Conspiracy, in violation of 18 U.S.C. 371, 16 counts of False Information in Registering in violation of 52 U.S.C. 10307(c), 18 U.S.C. 2, and 16 counts of Fraudulent Voter Registration in violation of 52 U.S.C. 20511(2)(A), 18 U.S.C. 2.

On April 1, 2025, the defendant pleaded guilty to all 33 counts in front of the Honorable Harvey Bartle III. A Presentence Investigation Report was conducted, and the Sentencing Guideline Range calculated was 18 to 24 months based on the defendant's offense level and criminal history category. In addition, Supervised Release Range was 1 to 3 years, and the Fine Range was between $7,500 to $75,000. (Presentence Investigation Report).

On June 18, 2025, Judge Bartle imposed a judgment of 36 months imprisonment, and 1 year supervised release for each of the 33 counts, all to run concurrently, in addition to a $3,300 cost assessment. (App. Vol. I at 3-10). The cost assessment was below the guideline range for the reason of the inability to pay.

5

The Statement of Reasons for the upward variance included the nature and circumstances of the offense pursuant to 3553(a)(1), the defendant's role in the offense, extreme conduct, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. No additional basis was stated or written in the Statement of Reasons. (Statement of Reasons).

On July 7, 2025, the defendant filed a timely Notice of Appeal.

## SUMMARY OF ARGUMENT

Judge Bartle's judgment was significantly outside the guideline range, and the justification was not sufficiently compelling to support the degree of variance considering the defendant's background, lack of criminal history, and acceptance of responsibility.

The defendant is a first time offender who committed a nonviolent offense. His positive character was evidenced in the 37 character letters. He has made positive contributions to his community. The defendant accepted responsibility for his actions, and has not committed any other criminal offenses since that time.

No sentencing court would have sentenced the defendant to 12 months above the guideline range in this case and thus, the sentence imposed was

substantially unreasonable. In addition the Court failed to give a meaningful explanation for his variance and committed procedural error. This is an illegal sentence and the court should grant the defendant's appeal.

The defendant also did not enter into a knowing, intelligent, and voluntary guilty plea due to the court interpreter speaking a different dialect of the defendant. There was a gap in understanding the colloquy because of the language barrier, and thus the appeal should be granted.

## ARGUMENT

I. Did the Trial Court abuse its discretion by imposing a sentence above the sentencing guideline range?

### 1. Standard of Review

Under the post-*Booker*, advisory Sentencing Guidelines regime, familiar abuse-of-discretion standard of review applies to appellate review of sentencing decisions. Gall v. United States, 552 U.S. 38 (2007).

In reviewing reasonableness of a sentence outside the advisory Guidelines range, appellate courts may take degree of variance into account and consider extent of deviation from the Guidelines. U.S.S.G. § 1B1.1 et seq. id.

The Court of Appeals is not to apply heightened standard of review to sentences outside the advisory Guidelines range; rather, abuse-of-discretion standard of review applies to appellate review of all sentencing decisions, whether inside or outside the Guidelines range. U.S.S.G. § 1B1.1 et seq.

If a claimed sentencing error is procedural, the Court of Appeals must ensure that the district court did not fail to calculate, or miscalculate, the Sentencing Guidelines range; treat the Sentencing Guidelines as mandatory; gloss over statutory sentencing factors; choose a sentence based on a clearly erroneous fact; or inadequately explain the chosen sentence. 18 U.S.C.A. § 3553(a). U.S. v. Brito, 979 F.3d 185 (3d Cir. 2020)

If a claimed sentencing error is a substantive challenge for reasonableness, the Court of Appeals will affirm unless no reasonable court would have imposed that sentence for the reasons provided. id.

A sentence is substantively unreasonable when it fails to account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error in judgment. United States v. Irey, 612 F.3d 1160, 1189 (11. Cir. 2010).

## 2. Applicable Law

Under the post-*Booker*, advisory Sentencing Guidelines regime, district judge must give serious consideration to extent of any departure from the Guidelines and must explain his conclusion that unusually lenient or unusually harsh sentence is appropriate in particular case with sufficient justifications. U.S.S.G. § 1B1.1 et seq., <u>Gall v. U.S.</u>, 552 U.S. 38 (2007).

In an unpublished opinion from the Third Circuit, <u>United States v. Grant</u>, 323 Fed.Appx. 189 (3d Cir. 2009), a defendant pled guilty to a firearm related case, in which the defendant mailed a firearm to the Virgin Islands as a convicted felon. The guideline range was 15-21 months. The Sentencing Court ignored the defendant's request for leniency and sentenced the defendant to 36 months of imprisonment. This Court found that the sentence was procedurally unreasonable,

"we find Grant's sentence procedurally unreasonable because the District Court failed to apply the § 3553(a) factors. According to the District Court, an enhanced sentence was justified by "[t]he history and characteristics of this defendant, as well as the nature of the *192 offense," and the need to "afford the appropriate deterrence under the circumstances." App. 57. The record does not indicate which characteristics of the defendant or offense justified a variance, or why the variance was necessary to promote deterrence in this case." See <u>id</u>. at 191-192.

The Court in <u>Grant</u> went on to say that,

"Although the record reflects mention of the <u>§ 3553(a)</u> factors and provides a brief glimpse of the particular facts deemed relevant by the District Court, it reveals little application of law to fact. "[E]xplanations of the relevant sentencing factors must go beyond mere formalism. Otherwise, it is difficult for us to apply effective appellate oversight." <u>Kononchuk, 485 F.3d at 204.</u> The District Court's failure to "explain why the variance is justified" in terms of this particular defendant and this particular offense is therefore procedural error. <u>Id.</u> See also <u>United States v. Levinson, 543 F.3d 190, 201 (3d Cir.2008)</u>" <u>id</u>. At 192

In <u>US v. Tomko</u>, the defendant was convicted of tax invasion with a loss of $225,000 and the guideline range was 12 to 18 months. The Third Circuit held that the court's sentence to probation on condition of one year home detention and a fine of $150,000 was not unreasonable in part because of the defendant's minimal criminal record. <u>United States v. Tomko</u>, 562 F.3d 558 (3d Cir. 2009).

In <u>Rita v. United States</u>, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007), the Supreme Court held that even if a traditional departure is not justified, a non-guideline sentence can be appropriate because the guideline sentence itself fails to properly reflect all the <u>18 U.S.C. 3553(a)</u> considerations.

10

In <u>United States v. Howe</u>, 543 F.3d 128 (3d Cir. 2008), the government was requesting a sentence of 18 months. The Court sentenced him to probation because Mr. Howe had no criminal history, no drug or alcohol history, was a well-regarded member of the community and submitted many letters of support, recognized the seriousness of the offense, and expressed heartfelt remorse.

In <u>Gall</u>, contemplated that in order for a sentencing Judge to sentence someone significantly outside the guideline range, he must give a more meaningful explanation for his decision,

"In so doing, he may **597 not presume that the Guidelines range is reasonable. See *id.,* at 351, 127 S.Ct. 2456. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Ibid.,* 127 S.Ct. 2456." <u>Gall v. U.S.</u>, 552 U.S. 38, 50 (2007).

11

Prison time is more significant for someone who is a first offender so a below guideline sentence for such a person is justified. US v. Baker, 445 F.3d 987 (7th Cir. 2006).

In Pepper v. United States,131 S. Ct. 1229 (2011). the Court indicated that the likelihood that a defendant will engage in future criminal conduct is a central factor that the District Court's must assess when imposing a sentence.

### 3.Analysis

Judge Bartle's judgment was significantly outside the guideline range, and the justification was not sufficiently compelling to support the degree of variance considering the defendant's background, lack of criminal history, and acceptance of responsibility. Thus, the sentence imposed was both procedurally and substantially unreasonable.

In the Statement of Reasons, the reason for the variance was the checked off boxes,

1. The nature and Circumstances of the offense pursuant to 18 U.S.C. 3553(a)(1)

2. Role in the offense

12

3. Extreme Conduct

4. To reflect the Seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense and,

5. To afford adequate deterrence to criminal conduct.

No additional explanation was provided within the Statement of Reasons but was elaborated on verbally during the sentencing hearing. In doing so, the Sentencing Court failed to give sufficient weight to the defendant's character, lack of criminal history, and the central factor of the improbability that the defendant will commit future crimes. Moreover, the Court wrongfully gave too much weight to general deterrence.

The characteristics of the defendant were detailed in the 37-character letters which were summarized in the defendant's sentencing memorandum(App. Vol. II at 65). In sum, these character letters establish that the defendant is a person of good character, including character of honesty, trustworthiness, compassion, and responsibility. In addition, these letters establish that the defendant has done a lot of positive contributions to his community. These letters should have received significant weight in the sentencing decision.

Further, this is the defendant's first criminal offense. For 45 years, the defendant has been a law-abiding person.

The District Judge acknowledged during the sentencing hearing that he does not believe that the defendant will commit this type of offense. (App. Vol. II at 59) As stated in <u>United States v. Pepper</u>, the likelihood of the defendant committing future crimes is a central factor to sentencing and thus should have been given significant weight by the Court during sentencing.

As for the nature and role in the offense, the defendant has accepted responsibility for his actions. Counsel for the defendant stated at the Sentencing Hearing that the defendant sat down with the authorities Pre-Indictment (App. Vol. II at 52). Within two months of the indictment, the defendant admitted to his actions and pleaded guilty to all counts. This acceptance of responsibility should have received significant weight in the sentencing decision.

As the court stated in <u>U.S. v. Baker</u>, prison time is much more significant to someone who is a first offender, and the defendant should have received consideration that this was a nonviolent offense.

In addition, the defendant made remarks to the Court at sentencing that his family here in the United States will be significantly affected if he is sentenced to a long term of imprisonment and will experience severe distress and hardship. (App. Vol. II at 56). This should have been given weight by the sentencing court.

14

Specific deterrence was served at the moment the grand jury indicted the defendant. The defendant will never hold a public office again, and his reputation within Millbourne has been destroyed. He was charged at both the state and federal level for his actions.

Evident during sentencing, general deterrence was the most crucial factor to the sentencing judge, as he stated that this country cannot survive if the elections are cheated, and he must sentence the defendant significantly to deter such future conduct. (App. Vol. I at 59).

General deterrence was given too much weight in making the sentencing decision. Sentencing the defendant significantly above the guidelines is not necessary for general deterrence because individuals will be deterred by the threat of being charged by the Federal Government.

For this sentence to be reasonable, Judge Bartle was required to give a more meaningful explanation as to why he is sentencing this nonviolent first offender to 12 months above the guideline range considering the defendant's positive background and history. In addition to the procedural error in not providing a meaningful explanation, no sentencing court would have sentenced the defendant to such a term of imprisonment and thus was substantively unreasonable.

II. Did the defendant enter into a knowing, voluntary, and intelligent guilty plea considering the language barrier between the court interpreter and the defendant?

*Standard of Review and Analysis*

"These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." McCarthy v. United States, 394 U.S. 459 (1969).

"if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." id.

The defendant did not enter into a knowing, intelligent, and voluntary guilty plea due to the court interpreter speaking a different dialect of the defendant. There

16

was a gap in understanding in the colloquy as a result of the language barrier, and thus the appeal should be granted.

The defendant required an interpreter during the sentencing hearing, and the defendant had trouble understanding English. Due to the interpreter speaking a different dialect of the language the defendant speaks, he did not fully understand the nature of the guilty plea, and thus did not enter into a knowing, voluntary, and intelligent guilty plea.

## CONCLUSION

**WHEREFORE**, this Court should grant the defendant's appeal and remand the case to the Eastern District of Pennsylvania.

Respectfully Submitted,

_/s/ *Mark P. Much*___
MARK P. MUCH
Attorney for Appellant
Pa. Attorney I.D. No. 60043
341 West Baltimore Avenue
Media, Pa. 19063
610-565-9750

17

# CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rules 28.3(d) and 46.1(a), I hereby certify that I am an

admitted member of the Third Circuit's bar as counsel representing the appellant.

*/s/ Mark P. Much*
Mark P. Much, Esquire
Attorney for Appellant
PA Attorney I.D. No. 60043

# CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure 32(g);

1. This brief complies with the type volume limit of Federal Rules of Appellate Procedure 32(a)(7)(B) because, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), the brief contains 3,155 words.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the brief has been prepared in a proportionally spaced type face using Microsoft Office Word in Times New Roman, 14-point font.

I also certify, pursuant to Local Rule 31.1(c), the text of the electronic brief is identical to the text in the paper copies of this brief. I further certify that the electronic version of this brief, prepared for submission via ECF, has been scanned virus free by Microsoft Defender.

_____*/s/ Mark P. Much*___
Mark P. Much
Attorney for Appellant

19

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing

BRIEF FOR APPELLANT with the Clerk of Court for the United States Court of

Appeals for the Third Circuit by using the ECF system. I also certify that on

September 8, 2025, seven (7) paper copies, identical to the brief filed

electronically, were sent to the Clerk of Court via Mail.

I further certify that all participants in this case are registered ECF users and

that service will be accomplished by the ECF system.

*/s/ Mark P. Much*
Mark P. Much
Attorney for Appellant

No. 25-2247

---

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

(Appellee)

V.

MD NURUL HASAN,

(Appellant)

---

On Appeal from the U.S. District Court for the

Eastern District of Pennsylvania

No. 2:25-CR-00057-001 (Hon. Harvey Bartle III)

---

## APPENDIX

## VOLUME I, pp. 1-11

---

MARK PHILLIP MUCH
Law Offices of Mark P. Much, P.C.
341 West Baltimore Avenue
Media, PA 19063
610-565-9750
markpmuch@verizon.net

Counsel for Appellant

## TABLE OF CONTENTS

I.    Notice of Appeal.................................................................. 1

II.   Judgment in a Criminal Case............................................ 4

III.  Certificate of Service..................................................... 11

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**      : **CRIMINAL NO.: 2:25CR000057-001**

**vs.**                                             :

**MD NURUL HASAN**                       :

## NOTICE OF APPEAL

Notice is hereby given that MD NURUL HASAN, defendant in the above captioned matter, hereby appeals to the United States Court of Appeals for the Third Circuit from the final judgment imposed on June 18, 2025, and entered in the record on June 23, 2025.

Respectfully submitted,

_____/s/_____
Mark P. Much, Esquire
Attorney for the Defendant
341 West Baltimore Avenue
Media, PA 19063

### CERTIFICATE OF SERVICE

I, MARK P. MUCH, ESQUIRE, counsel for the Defendant, MD NURUL HASAN, hereby certify that I served a true and correct copy of the Defendant's Notice of Appeal upon the Following:

Via ECF Filing and Email:

Honorable Harvey Bartle III
James A. Byrne United States Courthouse
601 Market Street, Room 16614
Philadelphia, Pennsylvania 19106
nicole_spicer@paed.uscourts.gov

Mark B. Dubnoff, Assistant United States Attorney
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
mark.dubnoff@usdoj.gov

Sara E. Donson
U.S. Probation Officer
600 Arch Street, Suite 2400
Philadelphia, Pennsylvania 19106
Sara_Donson@paep.uscourts.gov

DATE: July 2, 2025

/s/
Mark P. Much, Esquire
Attorney for the Defendant

## <u>CERTIFICATE OF SERVICE</u>

I, MARK P. MUCH, ESQUIRE, counsel for the Defendant, MD NURUL HASAN,

hereby certify that I served a true and correct copy of the Defendant's Notice of Appeal upon

the Following:

Via ECF Filing and Email:

Honorable Harvey Bartle III
James A. Byrne United States Courthouse
601 Market Street, Room 16614
Philadelphia, Pennsylvania 19106
nicole_spicer@paed.uscourts.gov

Mark B. Dubnoff, Assistant United States Attorney
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
mark.dubnoff@usdoj.gov

Sara E. Donson
U.S. Probation Officer
600 Arch Street, Suite 2400
Philadelphia, Pennsylvania 19106
Sara_Donson@paep.uscourts.gov

DATE: July 2, 2025

_____/s/_____
Mark P. Much, Esquire
Attorney for the Defendant

3

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| MD NURUL HASAN | ) | Case Number:  DPAE 2:25CR000057-001 |
| | ) | USM Number:  63390-511 |
| | ) | Michael S. Dugan, Esquire |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 through 33 of the Indictment.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy. | 2/28/2025 | 1 |
| 52 U.S.C. § 10307(c) | False Information Registering; and, | 2/28/2025 | 2-17 |
| and 18 U.S.C. § 2 | Aiding and Abetting. | | |

   The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/18/2025

Date of Imposition of Judgment

Signature of Judge

Emailed on June 23, 2025 to:

Mark B. Dubnoff, AUSA
Michael S. Dugan, Esquire
U.S. Pretrial
U.S. Probation
J. Minni (FLU)
U.S. Marshal

Harvey Bartle III, United States District Judge

Name and Title of Judge

June 23, 2025

Date

4

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1A

Judgment—Page    2    of    7

DEFENDANT:  MD NURUL HASAN
CASE NUMBER:  DPAE 2:25CR000057-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 52 U.S.C. § 20511(2)(A) and 18 U.S.C. § 2 | Fraudulent Voter Registration; and, Aiding and Abetting. | 2/28/2025 | 18-33 |

5

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   3   of   7

DEFENDANT:   MD NURUL HASAN
CASE NUMBER:   DPAE 2:25CR000057-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

36 months on each of Counts 1 through 33, all such terms to run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on   8/15/2025   .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:   MD NURUL HASAN
CASE NUMBER:   DPAE 2:25CR000057-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

1 year on each of Counts 1 through 33, all such terms to run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
     ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: MD NURUL HASAN
CASE NUMBER: DPAE 2:25CR000057-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____

Date _____

8

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: MD NURUL HASAN
CASE NUMBER: DPAE 2:25CR000057-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 3,300.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

9

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT:  MD NURUL HASAN
CASE NUMBER:  DPAE 2:25CR000057-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $   3,300.00          due immediately, balance due

☐  not later than _____ , or
☐  in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

10

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I electronically filed the foregoing APPENDIX, VOLUME I, attached to the Appellant Brief with the Clerk of Court for the United States Court of Appeals for the Third Circuit by using the ECF system. I also certify that on September 8, 2025, seven(7) paper copies, identical to the appendix filed electronically, were sent to the Clerk of Court via Mail.

I further certify that all participants in this case are registered ECF users and that service will be accomplished by the ECF system.

_/s/ Mark P. Much_____
Mark P. Much
Attorney for Appellant